UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6   'O'

| Case No. | 2:15-cv-03299-CAS(FFMx) | Date | June 26, 2015 |
|---|---|---|---|
| Title | WELLS FARGO BANK, N.A. v. TIFFANY LEE | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

Not Present                                                Not Present

**Proceedings:**     **(In Chambers)** ORDER REMANDING ACTION TO THE LOS ANGELES COUNTY SUPERIOR COURT

On December 16, 2014, plaintiff Wells Fargo Bank, N.A. filed an unlawful detainer action in the Los Angeles County Superior Court against defendant Tiffany Lee. Dkt. 1. On May 13, 2015, Lee removed the action to federal court on the basis of purported diversity and federal question jurisdiction. Id. Defendant argued in the removal notice that this action arises under federal law because plaintiff executed "a scheme and artifice to defraud" in violation of the federal criminal mail and wire fraud statutes, 18 U.S.C. §§ 1341, 1343.

On June 2, 2015, the Court issued an order to show cause, explaining that both diversity and federal question jurisdiction appeared to be lacking. Dkt. 8. As to diversity, the Court noted that the plaintiff's complaint limits the amount in controversy to $10,000, well below the $75,000 threshold required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1); see also Litton Loan Serv., L.P. v.Villegas, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) ("[T]he amount of damages sought in the [unlawful detainer] complaint, not the value of the subject real property, determines the amount in controversy.").

With regard to federal question jurisdiction, the Court explained that there is no private, civil right of action under the federal criminal statutes cited by defendant and, accordingly, these statutes did not create jurisdiction. The Court further explained that, even if the criminal statutes created a private right of action, the existence of federal question jurisdiction is governed by the "well-pleaded complaint rule," Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987), which requires that the federal question "be disclosed upon the face of the complaint, unaided by the answer," Gully v. First Nat'l

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6  'O'

| Case No. | 2:15-cv-03299-CAS(FFMx) | Date | June 26, 2015 |
|---|---|---|---|
| Title | WELLS FARGO BANK, N.A. v. TIFFANY LEE | | |

Bank in Meridian, 299 U.S. 109, 113 (1936).  See also Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983) (explaining that federal jurisdiction may not be based on an anticipated defense created by federal law).  The Court noted that plaintiff's complaint contains a single cause of action for unlawful detainer, and does not present a federal question.

The June 2, 2015 order to show cause directed defendant to demonstrate why the Court has subject matter jurisdiction over the action no later than June 23, 2015.  As of this date, defendant has not filed a response.  Therefore, for the reasons set forth in the Court's June 2, 2015 order, this action is hereby **REMANDED** to the Los Angeles County Superior Court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |